IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Case No. 2:23-cv-00100-HYJ-MV

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

LAKES SUPER MARKET, INC. d/b/a
LOUIE'S FRESH MARKET,

    Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") hereby files this memorandum in opposition to defendant Lakes Super Market, Inc. d/b/a Louie's Fresh Market's ("Defendant") Motion to Dismiss Plaintiff's Complaint and Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion") [D.E. 12 and 13], and alleges as follows:

### INTRODUCTION

The matter before the Court is not complex. Plaintiff is the owner and registered copyright holder of a photograph (the "Work") specifically identified/displayed in the Complaint. Plaintiff alleges that Defendant published the Work in its weekly circular (a copy of which was then published online), in connection with the marketing of Defendant's business. Screenshots of the registration certificate (establishing Plaintiff's ownership of the Work) and the subject advertisement/posting are included as exhibits to the Complaint. On these allegations alone, the

Complaint satisfies the pleading requirements of the single claim for copyright infringement asserted by Plaintiff.

The Motion is, in a word, senseless. Rather than address the actual elements of Plaintiff's copyright infringement claim, Defendant opted to ignore the law and facts. Defendant instead chose to squander the Court's time with a motion wrought with misapplied law, confusing a damages analysis under Petrella v. MGM, 572 U.S. 663 (2014) with the statute of limitations pursuant to the discovery rule.  As set forth herein, the Motion must be denied.

## BACKGROUND

1. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.[1]  Plaintiff operates pursuant to a subscription model whereby it charges its clients (generally, grocery stores, restaurant chains, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.[2]

2. This lawsuit concerns a photograph of Colby Jack cheese for which Plaintiff is the registered copyright owner and which is included in Plaintiff's library of subscription-based photographs.[3]

3. Defendant is a grocery store that, on January 24, 2016, published the subject photograph on its weekly circular/sales flyer.[4]

4. Defendant is not and has never been authorized to use/display the subject photograph.[5]

5. Through its ongoing diligent efforts to identify unauthorized use of its

---

[1] See Complaint, at ¶ 6.
[2] Id. at ¶¶ 7 – 8.
[3] Id. at ¶¶ 11 – 13.
[4] Id. at ¶¶ 14 – 16.
[5] Id. at ¶ 18.

photographs, Plaintiff first discovered Defendant's unauthorized use/display of the subject photograph in January 2022.[6]

## ARGUMENT

I.  **Legal Standard**

   A.  *Motion to Dismiss*

"A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2)." Moore v. Durkee, No. 1:19-cv-884, 2020 U.S. Dist. LEXIS 127675, at *3 (W.D. Mich. Apr. 22, 2020). "The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint." Id. at *3 (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

"A statute of limitations issue is analyzed under the framework of Rule 12(b)(6)." Id. at *6 (citing New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)). "To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, Twombly, 550 U.S. at 555, and the 'claim to relief must be plausible on its face.'" Id. at *3-4 (quoting Twombly at 570). "'A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at *4 (internal quotations omitted) (quoting

---

[6]   Id. at ¶ 21.

Ctr. For Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011)) (quoting Twombly, 550 U.S. at 556). "'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Id.at *4 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)) (citations omitted). "If plaintiffs do not 'nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed.'" Id.at *4 (quoting Twombly, 550 U.S. at 570).

"When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions." Id.at *4 (citing Ctr. For Bio-Ethical Reform, 648 F.3d at 369). "The Sixth Circuit has noted that courts 'may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'" Id.at *4 (quoting New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1050 (6th Cir. 2011)). "However, 'a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"; but "it must assert sufficient facts to prove the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.at *4 (quoting Rhodes v. R&L Carriers, Inc., 491 F. App'x 579, 582 (6th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A motion to dismiss on statute of limitations grounds 'should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle [her] to relief.'" Lepine v. Rosenbaum, No. 19-cv-12577, 2020 U.S. Dist. LEXIS 94779, at *8-9 (E.D. Mich. June 1, 2020) (quoting New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (citation and quotation marks omitted)). "Dismissal is appropriate 'only if a complaint clearly shows that the claim is out of time.'" Id. at *9 (quoting Foster, 860 F. Supp. 2d at 427 (citation omitted)).

B.    *Statute of Limitations*

The Motion argues that, because this lawsuit was not brought within three (3) years of the first occurrence of Defendant's infringement, Plaintiff's infringement claim is barred by the applicable statute of limitations (17 U.S.C. § 507(b)). Simply put, Defendant is wrong.

"The Copyright Act provides that '[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.'" Design Basics, LLC v. Forrester Wehrle Homes, Inc., 305 F. Supp. 3d 788, 791 (N.D. Ohio 2018) (quoting 17 U.S.C. § 507(b)). "Under controlling Sixth Circuit case law, a claim for copyright infringement 'accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge.'" Id. at 791. (quoting Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 390 (6th Cir. 2007); accord Mitchell v. Capitol Records, LLC, 287 F. Supp. 3d 673, 2017 U.S. Dist. LEXIS 207051, 2017 WL 6459808, *2 (W.D. Ky. 2017); Gomba Music Inc. v. Avant, 225 F. Supp. 3d 627, 640 (E.D. Mich. 2016)). "This rule is known as the "discovery rule." Id. "[E]ach new infringing act, moreover, causes a new three year statutory period to begin, as each infringement is a distinct harm. Id. (quoting Mitchell, supra, __ F. Supp. 3d __, 2017 U.S. Dist. LEXIS 207051, 2017 WL 6459808 at *2 (quoting Roger Miller Music, Inc., supra, 477 F.3d at 390)) (internal quotations omitted).

As summarized clearly by the court in Design Basics, LLC v. Forrester Wehrle Homes, Inc.:

> The question in *Petrella, supra*, 134 S. Ct. at 1967, was "whether the equitable defense of laches . . . may bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period." In holding that the answer was "no," the Court observed that, ordinarily, "[a] copyright claim . . . arises or accrues when an infringing act occurs." *Id.* at 1969. As a result, the Court explained, a plaintiff "can gain retrospective relief only three years back from the time of suit." *Id.* at 1970.

*Petrella* itself does not support FWH's contention (Doc. 81 at 8-11) that these statements abrogated the discovery rule.

For one thing, the Court in *Petrella, supra*, 134 S. Ct. at 1969 n.4, recognized that "nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule,'" for starting the statute of limitations." But the Court acknowledged that "we have not passed on" whether that was a correct approach for measuring the limitations period. *Id.*

For another, the Court made explicit in *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, __ U.S. __, 137 S. Ct. 954, 962, 197 L. Ed. 2d 292 (2017), what was implicit in *Petrella*: "And in *Petrella*, we specifically noted that we have not passed on the question whether the Copyright Act's statute of limitations is governed by [the discovery rule]."

Furthermore, FWH acknowledges that the federal courts across the country have rejected the argument that *Petrella* somehow, *sub silentio*, abrogated the discovery rule. As one district court within the Sixth Circuit has persuasively explained:

> *Petrella* does not require the Court to ignore Sixth Circuit precedent that clearly defines accrual of a copyright claim as occurring when the plaintiff "knew of the potential violation or is chargeable with such knowledge." *Roger Miller*, 477 F.3d at 390. In *Petrella*, the Court's statement equating accrual with the occurrence of the infringing act [**6] is accompanied by a footnote, which reads as follows:
>
>> Although we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (C. A. 3 2009) (internal quotation marks omitted)[.]

*Petrella*, 134 S. Ct. at 1969 n. 4.

Thus, the Court acknowledged that the "incident of injury" rule it described in the main text of the case is not the only rule that federal courts apply in copyright infringement cases. Since *Petrella*, the courts interpreting this footnote have largely decided that the discovery rule remains viable in the circuits that had previously applied it. *E.g., Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1092-93 (C.D. Cal. 2016) (applying discovery rule *post-Petrella* as Ninth Circuit precedent remained valid); *Design Basics LLC v. J & V Roberts Inv., Inc.*, 130 F. Supp. 3d 1266, 1281-82 (E.D. Wis. 2015) (same in Seventh Circuit); *Lefkowitz v. McGraw—Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 357 n.11 (S.D.N.Y. 2014) (same in Second Circuit). The District Court for the Eastern District of Pennsylvania succinctly and persuasively summarized the reasoning behind these opinions:

> While the language related to the statute of limitations [in *Petrella* ] is suggestive, this Court does not find [*793] that *Petrella* overruled the Third Circuit [**7] discovery rule. First, the Supreme Court explicitly stated it was not deciding that issue. Second, *Petrella* was a case about laches, and the holding is limited to that issue. Third, the comment's placement in a footnote demonstrates it was intended as dicta. Finally, this Court cannot find that a comment in a footnote overrules the standard in nearly every circuit in the country. Accordingly, the discovery rule still applies to determine whether Plaintiff's claims are barred by the three-year statute of limitations.

*Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014). Thus, the Court agrees with Mitchell that the discovery rule has not been abrogated by *Petrella* and that it remains the standard to be

> applied in copyright infringement cases in the Sixth Circuit.
>
> *Mitchell, supra*, 287 F. Supp. 3d at 677, 2017 U.S. Dist. LEXIS 207051, *9, 2017 WL 6459808 at *3
>
> For these reasons, I, too, reject the argument that *Petrella* overruled the Sixth Circuit's rule that copyright-infringement claims accrue under the discovery rule.

Design Basics, LLC v. Forrester Wehrle Homes, Inc., 305 F. Supp. 3d 788, 792-93 (N.D. Ohio 2018)

Notably, application of the discovery rule is not an anomaly… the same analysis has been uniformly applied by the courts around the country. See, e.g., Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237-38 (9th Cir. 2022):

> In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). ***Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed***. Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.***[7]

See also Am. Bd. of Internal Med. v. Rushford, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright infringement under 17

---

[7] Emphasis added.

U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, 2020 WL 5250579, at *8 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit  a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 2021 DNH 26, 516 F. Supp. 3d 121, 132 (Jan. 28, 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Scott Breuer Const., Inc. v. Koch, No. 12-CV-3182, 2014 U.S. Dist. LEXIS 87000, 2014 WL 2893200, at *1 (D. Minn. June 26, 2014) ("'Under [17 U.S.C. § 507(b)] a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation'" (quoting Comcast of Ill. X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007))); Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC, 780 F. Supp. 2d 916, 920 (E.D. Mo. 2011) (cause of action

accrues within meaning of 17 U.S.C. § 507(b) when "the plaintiff has knowledge of a infringement or is chargeable with such knowledge"); Gleeson v. Jackson, No. 1:05-CV-088, 2006 U.S. Dist. LEXIS 8125, 2006 WL 462110, at *2 (D.N.D. Feb. 24, 2006) ("A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge."); Sohm v. Scholastic Inc., 959 F.3d 39, 49-50 (2d Cir. 2020) ("In Psihoyos, this Court adopted the 'discovery rule' for determining when a copyright infringement claim accrues. 748 F.3d at 124-25. Scholastic nevertheless urges this Court to adopt the 'injury rule' instead, maintaining that 'in two recent decisions following Psihoyos, the Supreme Court cast serious doubt on the viability of the discovery rule.' Scholastic's Br. at 34 (citing SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S. Ct. 954, 197 L. Ed. 2d 292 (2017); Petrella, 572 U.S. 663, 134 S. Ct. 1962, 188 L. Ed. 2d 979). We disagree and decline to alter this Circuit's precedent mandating use of the discovery rule; we therefore affirm the district court's holding that the discovery rule applies for statute of limitations purposes in determining when a copyright infringement claim accrues under the Copyright Act."); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)); Johansen v. Modrak, No. 18-cv-63120-BB, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. See 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book "I Lisa Marie" and that the book was first printed in 1998. Because ***Plaintiff knew or should have known of the alleged copyright infringement at that time***, his

claim is 16 years too late.") (emphasis added); Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893, at 6 – 7 (S.D. Fla. Feb. 18, 2022) ("To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims. However, the Southern District of Florida has consistently applied the discovery rule, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement."); Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement claim); Wilson v. Kelly, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) ("Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507. '"The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.'" (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have

concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp., 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); Calhoun v. Lillenas Pub., 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); Home Design Servs. v. Hibiscus Homes of Fla., Inc., No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

These courts have *all* held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases. There is no reason the Court should depart from the above-referenced legal authority and hold that copyright claims suddenly accrue immediately on the date of infringement.

On the contrary, Defendant's cited cases supporting any other interpretation are not relevant to a copyright infringement matter and are out of context (e.g., Rotkiske v. Klemm, 140

S. Ct. 355 (2019)[8] pertains to the statute of limitations for a claim under the Fair Debt Collection Practices Act; Wallace v. Kato, 549 U.S. 384 (2007)[9] pertains to the accrual date of a 42 U.S.C. § 1983 claim; Gabelli v. S.E.C., 568 U.S. 442, 448, 454 (2013)[10] pertains to an enforcement action brought by the Securities and Exchange Commission seeking civil penalties under the Investment Advisers Act of 1940; TRW Inc. v. Andrews, 534 U.S. 19, 29 (2001)[11] pertains to the statute of limitations for a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681; Clark v. Iowa City, 87 U.S. 583 (1874)[12] pertains to the statute of limitations for actions upon coupons for interest annexed to municipal bonds in that State; El-Khalil v. Oakwood Healthcare, Inc., 23 F.4th 633, 635 (6th Cir. 2022)[13] pertains to the statute of limitations for a claim under the False Claims Act (FCA), 31 U.S.C.S. § 3730(h)[14]).

Particularly of note, with respect to Defendant's citation to the holding in Goldman v. Healthcare Mgmt. Sys., Inc., 559 F. Supp. 2d 853 (W.D. Mich. June 19, 2008),[15] supporting an injury rule accrual measure, such holding was later clarified, as explained by the Court in Design Basics, LLC v. Roersma & Wurn Builders, Inc., No. 1:10-CV-696, 2012 U.S. Dist. LEXIS 69422, at *7-9 n.1 (W.D. Mich. May 18, 2012):

> To the extent *Goldman v. Healthcare Management Systems, Inc.,* 559 F.Supp.2d 853 (W.D. Mich. 2008), is to the contrary, the Court respectfully disagrees with it. The Court notes that the limitation issue and discussion in *Goldman* was in the context of a *Daubert* report on an expert's proposed damages calculation, not a motion for partial summary judgment. In fact, the Court had earlier denied a defense motion for summary judgment on the

---

[8] See Defendant's Motion, at Pg. 3.
[9] See Defendant's Motion, at Pg. 4.
[10] See Defendant's Motion, at Pg. 4.
[11] See Defendant's Motion, at Pg. 4.
[12] See Defendant's Motion, at Pg. 4.
[13] See Defendant's Motion, at Pg. 4.
[14] See Defendant's Motion, at Pg. 4.
[15] See Defendant's Motion, at Pg. 5.

limitations issue. *Id.* at 862, n. 1 (citing *Goldman v. Healthcare Management Systems, Inc.,* No. 1:05-cv-035, 2006 U.S. Dist. LEXIS 89011, 2006 WL 3589069 (W.D. Mich. Dec. 8, 2006). In the *Daubert* context, the Court simply recited the non-controversial point that a copyright action must be filed not later than three years after it accrues, and concluded the expert misapplied it. *Id.* at 862. The Court did not discuss the "injury" or "discovery" rule of accrual in the *Daubert* opinion. On reconsideration, the Court noted the issue and concluded the Sixth Circuit had not squarely addressed it. *Goldman v. Healthcare Management Systems, Inc.,* No. 1:05-cv-035, 2008 U.S. Dist. LEXIS 109759, 2008 WL 2559030, at * 3 (W.D. Mich. June 19, 2008). It did not discuss the other Circuit authority unanimously adopting the discovery rule. Ultimately, the Court did not find it necessary to take a position on the issue, choosing to frame the controlling question on reconsideration in different terms.

As Defendant itself noted, the court in Design Basics, LLC v. Roersma & Wurn Builders, Inc., went on to cite further Sixth Circuit cases, noting that "the Sixth Circuit has, if not adopted the discovery rule outright, certainly endorsed the idea." at *4.

Here, the Complaint alleges: "***Through its ongoing diligent efforts*** to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in January 2022."[16] Accepting this allegation as true (as the Court must do at the motion to dismiss stage), there is no basis to dismiss the Complaint as barred by the statute of limitations. Defendant may certainly inquire into those diligent efforts in discovery and perhaps pursue a statute of limitations defense at the summary judgment stage. Accepting Plaintiff's allegations as true, however (as the Court must do), based on the record before it, the Court cannot find that Plaintiff's claim is somehow barred by the statute of limitations when Plaintiff asserts it did not and could not reasonably have discovered the infringement prior to

---

[16] See Complaint, at ¶ 21 (emphasis added).

January 2022.  Defendant's statute of limitations argument fails.

### C.     Defendant's Fundamental Misunderstanding of Petrella as it Relates to Damages

Defendant's next argument is perplexing and frankly demonstrates a wholesale misunderstanding of Petrella, the statute of limitations, and the applicable look-back period with respect to a plaintiff's available damages.  Here, Defendant *wrongly* asserts that Petrella bars this action because the Supreme Court limited plaintiffs to a 3-year lookback period with respect to damages and (according to Defendant) those damages began in January 2016 when the Work was first published and/or displayed by Defendant.

Petrella does *not* stand for the proposition that an infringing act occurring more than three (3) years prior to the filing of a lawsuit somehow bars a plaintiff from any recovery (which would therefore convert the 'discovery' rule into an 'injury' rule for claim accrual).  Rather, Petrella concerned application of a laches defense to a copyright infringement claim and held that such defense was inapplicable.  Following Petrella, only one Circuit (the Second Circuit) has interpreted the decision as imposing "a three-year lookback period from the time a suit is filed to determine the extent of the relief available." Sohm v. Scholastic Inc., 959 F.3d 39, 52 (2d Cir. 2020).  Sohm, however, does not help Defendant here.  Notably, Sohm recognized that the discovery rule was still the proper claim accrual mechanism in the Second Circuit (and every other Circuit to consider the issue).  Thus, applied to the facts of this case, Sohm stands for the proposition that Plaintiff may pursue an infringement claim for acts occurring in 2016, but could only recover damages incurred during the 3 years prior to the filing of this lawsuit.  The Court need look no further than Sohm's subsequent history to confirm this.  Indeed, in September 2021, the district court granted summary judgment to the plaintiff photographer with respect to the alleged infringement of multiple photographs that were infringed by the defendant between 2009 – 2011 (five years prior

to the filing of the lawsuit).  See Sohm v. Scholastic Inc., 2021 U.S. Dist. LEXIS 174517, at *4 (S.D.N.Y. Sep. 14, 2021).

More recently, both the Ninth Circuit and the Eleventh Circuit have rejected Sohm's 3-year lookback period with respect to a plaintiff's entitlement to damages.  See Starz Ent., LLC v. MGM Domestic Television Distrib., LLC, 39 F.4th 1236, 1244 (9th Cir. 2022); Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023).  Under Sohm, Plaintiff may recover damages incurred during the three years prior to the filing of this lawsuit.  Under Starz Ent., LLC and Nealy, Plaintiff may recover damages incurred dating back to January 2016.  Whether Sohm, Starz Ent., LLC, or Nealy is ultimately adopted by the Sixth Circuit, however, is *irrelevant* to consideration of the Motion.  The Complaint plainly alleges that Plaintiff licenses its photographic library pursuant to a monthly subscription service whereby users must pay Plaintiff $999.00/month for access thereto.[17]  The Complaint further alleges that Plaintiff first discovered the alleged infringement in January 2022 (at which time the infringement was still publicly displayed on the internet). Plaintiff incurs damages for each month that an infringer (such as Defendant) publishes its photographs without payment of Plaintiff's monthly subscription fee.  If this Court follows Sohm, Plaintiff may recover those subscription fees that should have been paid during the 3 years prior to the filing of this lawsuit.  But nothing in the Motion, Sohm, Petrella, or any other case supports Defendant's spurious assertions and wholesale misunderstanding of the law.

Looking at district courts in the Sixth Circuit, the court in Mitchell v. Capitol Records, LLC, 287 F. Supp. 3d 673, 678 (W.D. Ky. 2017) has addressed the argument made by Defendant and, citing Sixth Circuit authority, has rejected it:

> The supplemental authority filed by the defendants, *Papazian v. Sony Music Entm't*, 2017 U.S. Dist. LEXIS 164217, 2017 WL

---

[17]  See Complaint, at ¶¶ 7 – 9.

4339662, at *4-5 (S.D.N.Y. Sep. 28, 2017), supports Defendant's alternative argument that even though the discovery rule may still apply, *Petrella* does not permit the plaintiff to recover any damages for those acts of infringement that occurred more than three years before the initiation of the action. The Court is not persuaded by *Papazian*, as the Sixth Circuit has never endorsed this scheme. The relevant date in the Sixth Circuit has always been the date of "accrual." *See Rhyme Syndicate Music*, 376 F.3d at 621 ("the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period"); *Hoste v. Radio Corp. of Am.*, 654 F.2d 11, 11-12 (6th Cir. 1981) (affirming decision that statute of limitations "bars recovery of any claims of plaintiff for damages which accrued prior to March 9, 1975"). The statute itself speaks in terms of accrual, not occurrence. 17 U.S.C. § 507(b) ("No civil action shall be maintained . . . unless it is commenced within three years after the claim accrued"). And while *Petrella* uses language that suggests that no damages may be recovered for acts of infringement which occurred more than three years prior to the initiation of the suit, these statements cannot be isolated from the Court's initial statement fixing accrual at the date of occurrence. *Petrella*, 134 S. Ct. at 1969 ("A copyright claim thus arises or accrues when an infringing act occurs") (quotations omitted). When the opinion is read in conjunction with footnote 4, which acknowledges that most circuits will modify this rule so as to focus on the date of "discovery" as opposed to the date of "occurrence," then *Petrella* reiterates what the Sixth Circuit already requires: that damages be limited to those claims for infringement that *accrued* within three years of the initiation of the suit, with *accrual* being determined by the rules of the circuit (until the Supreme Court "passe[s] on the question"). Adopting the *Papazian* approach effectively obliterates the discovery rule.

Finally, of note, Defendant again mischaracterized one of its citations when asserting that a "three-year limitation on damages has also been applied to limit a default damages award for Prepared Food Photos. *Prepared Food Photos, Inc. v. Chicago-Mkt.-distributors, Inc.*, No. 1:22-CV-03299, 2023 WL 3570673, at *7 (D. Colo. Apr. 18, 2023) (noting that Plaintiff sought the 'lesser-inclusive three-year lookback period . . . .')."[18] In fact, in Chicago-Market, Plaintiff

---

[18] See Defendant's Motion, at Pg. 8.

voluntarily sought three years of damages in its motion for default final judgment:

> Given the above, Plaintiff believes that the fairest beginning measure of its actual damages in this case is the $11,988.00 annual cost for licensing any image from Plaintiff's library multiplied by the number of years of use. That said, at least one federal appellate court (the Second Circuit) has held that the Copyright Act imposes a 3-year lookback damages bar, meaning a plaintiff can only recover for damages incurred in the three years prior to the filing of the lawsuit. See Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020). While the Ninth Circuit recently reached the opposite conclusion in Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1243 (9th Cir. 2022) (holding that a copyright plaintiff may recover damages dating back to the beginning of the infringement), Plaintiff here believes it prudent to self-impose a three-year lookback period of licensing fees – e.g., a total of **$35,964.00** ($11,988 x 3 years of use).

See D.E. 12, Plaintiff's Motion for Default Final Judgment. In issuing his Recommendation of United States Magistrate Judge (See D.E. 30, Adopted by Order dated May 19, 2023, D.E. 31), Magistrate Judge Michael E. Hegarty noted:

> Given this conflicting precedent, and no direction from the United States Court of Appeals for the Tenth Circuit, Plaintiff seeks the lesser-inclusive three-year lookback period of licensing fees, calculated as $35,964.00 ($11,988 x 3 years of use).

Characterizing Plaintiff's voluntarily-imposed limitation as evidence of this limitation being imposed by a court is disingenuous and misleading.

**II.    The Motion Does Not Challenge the Elements of Copyright Infringement**

The Complaint and the exhibits attached thereto firmly establish a claim for which relief can be granted. The Complaint asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized copying/display of a photograph for which Plaintiff is the registered copyright owner. The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]

... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Copyright infringement has two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 398 (6th Cir. 2007) (quoting Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004) (citation and quotation marks omitted)).

Importantly, the Motion does not challenge either aspect of an infringement claim – indeed, the Motion is *silent* with respect to ownership and/or copying. Nor could Defendant seriously challenge either element given the registration certificate attached to the Complaint and the screenshot showing Defendant's unequivocal copying/display of the Work.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such other relief as the Court deems proper.

Dated: August 21, 2023

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza, Esq.