UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,      Case No. 2:23-cv-100

v.             Hon. Hala Y. Jarbou

LAKES SUPER MARKET, INC. d/b/a
LOUIE'S FRESH MARKET,

     Defendant.

---

| | |
|---|---|
| Daniel DeSouza<br>COPYCAT LEGAL PLLC<br>Attorney for Plaintiff<br>3111 N. University Drive, Suite 301<br>Coral Springs, FL 33065<br>(877)437-6228<br>dan@copycatlegal.com | Jacob L. Carlton (P84859)<br>Amy E. Murphy (P82369)<br>MILLER JOHNSON<br>Attorneys for Defendant<br>45 Ottawa Avenue SW, Suite 1100<br>Grand Rapids, MI 49503<br>(616) 831-1700<br>carltonj@millerjohnson.com |

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**\*\*ORAL ARGUMENT REQUESTED\*\***

I.        **The Copyright Act's statute of limitation commences on the accrual of the claim.**

Statutes of limitation are "intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Gabelli v. S.E.C.,* 568 U.S. 442, 448 (2013) (citations and quotations omitted). Forcing a small local super-market to defend a claim regarding a single stock-photograph of cheese used in a weekly circular on only one occasion in January 2016 poses the exact problem that the statute of limitation is supposed to prevent – lost evidence, faded memories, and lack of witnesses. Thankfully, Congress resolved this problem by legislating that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

In *Rotkiske v. Klemm*, ___ U.S. __, 140 S. Ct. 355, 360 (2019), the Supreme Court provided instruction on how to interpret statutes of limitations such as § 507(b): "begin by analyzing the statutory language." If the statutory language is clear, that resolves the issue. *Id.* If the language is ambiguous, the court should "adopt the construction that starts the time limit running when the cause of action accrues because Congress legislates against the standard rule that the limitation period commences when the plaintiff has a complete and present cause of action." *Id.* (citations and quotations omitted). Here, the Copyright Act's statute of limitations is clear. An action must be "commenced within three years after the claim accrued." The statute expressly states that the clock begins to run when the claim "accrued," and Plaintiff's claim accrued when Louie's Fresh Market allegedly used the photograph in January 2016. Accordingly, based on the plain text of the statute, the claim is time-barred.

While Defendant does not dispute that several courts have recently applied the discovery rule, the discovery approach used by these courts is "a bad wine of recent vintage." *Id.* Further, this is not the unanimous approach used by the courts in this circuit or this district when

1

considering § 507(b). *See Hoste v. Radio Corp. of Am.,* 654 F.2d 11 (6th Cir. 1981) ("The district court held that the Copyright Act provides a three year statute of limitations which bars recovery of any claims of plaintiff for damages which accrued prior to [three years before the suit was filed]. … We agree and affirm the judgment to that extent."); *Phoenix Pub. Intern., Inc. v. Mut. of Omaha Ins. Co.*, 1:99-CV-92, 2000 WL 33173916 (W.D. Mich. Apr. 5, 2000) (McKeague, J.) ("[T]he law also clearly indicates the statute of limitations bars recovery of any claims based on damages accruing more than three years before the complaint was filed."); *Everly v. Everly*, 958 F.3d 442, 461 (6th Cir. 2020) (Murphy, J. concurring) ("I read the Copyright Act's statute of limitations as adopting an occurrence rule, not a discovery rule."); *Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F. Supp. 2d 853, 863 n2 (W.D. Mich. 2008) (Maloney, J.) (rejecting discovery approach because it "runs squarely against the twin justifications for statutes of limitation").

Plaintiff's proposed discovery rule would render Congress' three-year statute of limitations meaningless. Under Plaintiff's theory, in 100 years, the Plaintiff could "discover" infringement that occurred in 2016 by trolling the internet, and there would be no defense available under the statute of limitations or the doctrine of laches. The Court should reject this "atextual judicial supplementation" and follow the plain text of the statute by concluding that the Plaintiff's claims are time-barred. *Rotkiske*, 140 S. Ct. at 361.

## II. Plaintiff is precluded from recovering damages regardless if the discovery rule applies.

Regardless if the discovery rule applies, in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 672, 677 (2014), the Supreme Court clearly and repeatedly stated that a plaintiff can "gain retrospective relief running only three years back from the date the complaint was filed" and that "no recovery may be had for infringement in earlier years." Accordingly, even if the discovery rule applies and a claim is timely, *Petrella* "explicitly delimited damages to the three years prior

to the commencement of a copyright infringement action." *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020).

Plaintiff argues that the holding in *Sohm* is "irrelevant" because Plaintiff charges a monthly licensing fee for use of its photograph, and that "Plaintiff incurs damages for each month that an infringer (such as Defendant) publishes its photographs without payment of Plaintiff's monthly subscription fee." (*Response Brief*, ECF No.15, PageID.82). But Plaintiff's use of a subscription fee does not negate the holding in *Petrella*. The complaint alleges that Louie's Fresh Market used the photograph only once in January 2016. (*Complaint*, ECF No. 1, PageID.4, ¶16). The complaint does not allege that Louie's Fresh Market has ever used the photograph after that date. Even accepting Plaintiff's allegation as true, any subscription fees owed to Plaintiff were owed in January of 2016 when the photo was used, not after May 26, 2020. Plaintiff cannot and does not explain why it would be entitled to subscription fees within the three years of this lawsuit for an alleged one-time use in 2016. Accordingly, under *Petrella*, Plaintiff cannot obtain damages even if the Court determines that the discovery rule applies and Plaintiff's claim is timely.

## III.    As a serial litigant, Prepared Food Photos cannot use the discovery rule.

Serial litigants who continuously troll the internet looking for claims cannot take advantage of the discovery rule. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019); *Michael Grecco Prods., Inc. v. RADesign, Inc.*, No. 21-CV-8381 (RA), 2023 WL 4106162 (S.D.N.Y. June 20, 2023). As a serial litigator, this exception applies to Plaintiff. Plaintiff has not challenged this argument in its response and has therefore waived any counter-argument. Accordingly, the Court may dismiss Plaintiff's claim on this basis alone.

MILLER JOHNSON
Attorneys for Defendant

Dated:  August 24, 2023          By  */s/Jacob L. Carlton*_____
                                        Jacob L. Carlton (P84859)
                                        Amy E. Murphy (P82369)
                                        45 Ottawa Ave. SW, Suite 1100
                                        Grand Rapids, MI  49503
                                        (616) 831-1700
                                        carltonj@millerjohnson.com

4

**<u>Certificate of Compliance</u>**

1.      This brief complies with the type-volume limitation of W.D. Mich. LCivR 7.2 because this brief contains 983 words, excluding the parts of the brief exempted by W.D. Mich. LCivR 7.2(b)(i).

2.      This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 for Windows in 12-point Times New Roman font.


MILLER JOHNSON
Attorneys for Defendant


Dated:  August 24, 2023              By  _/s/Jacob L. Carlton_____
Jacob L. Carlton (P84859)
Amy E. Murphy (P82369)
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
(616) 831-1700
carltonj@millerjohnson.com

5

MJ_DMS 36731627v1