UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PREPARED FOOD PHOTOS, INC.,

        Plaintiff,

v.

LAKESS SUPER MARKET, INC.,

        Defendant.
_____/

Case No. 2:23-cv-100

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendant's motion to dismiss. (ECF No. 12.)

Plaintiff, Prepared Food Photos, Inc.,[1] sues Defendant, Lakes Super Market, Inc.,[2] alleging a violation of the Copyright Act, 17 U.S.C. § 501. Specifically, Prepared Food Photos, alleges that in 1995, a professional photographer took a photograph of Colby-Jack cheese. (ECF No. 1, PageID.3.) That photograph is shown below:



---

[1]     F/k/a Adlife Marketing and Communications Company, Inc.
[2]     D/b/a Louie's Fresh Market.

On January 24, 2016, Lakes Super Market published the photograph in its weekly advertisement; Lakes Super Market did not obtain a license for use of the photograph. (*Id.*, PageID.4.) On March 15, 2017, Prepared Food Photos registered the photograph with the United States Copyright Office. (*Id.*, PageID.3.) And in January of 2022, Prepared Food Photos discovered Lakes Super Market's use of the photograph. (*Id.*, PageID.5.)

Lakes Super Market now moves to dismiss the complaint. (ECF No. 12.) Lakes Super Market argues that the statute of limitations for Prepared Food Photos's claim of copyright infringement has passed. (ECF No. 13, PageID.46.) Lakes Super Market notes that under the Copyright Act, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." (*Id.* (quoting 17 U.S.C. § 507(b)).) According to Lakes Super Market, a copyright claim accrues at the time of the infringing act; here January 24, 2016. (*Id.*, PageID.46-47.) But even if a copyright claim accrues at the time that the copyright owner discovers or should have discovered the infringing act, Lakes Super Market argues that Prepared Food Photos should have discovered the act more than three years ago. (*Id.*, PageID.47-50, 53-55.) Alternatively, Lakes Super Market argues that if Prepared Food Photos's claim is timely, the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), bars Prepared Food Photos from recovering damages incurred more than three years prior to filing this lawsuit. (*Id.*, PageID.50-53.) And because Prepared Food Photos does not plausibly allege that it incurred damages related to the infringement during the three years

prior to filing this lawsuit, Prepared Food Photos cannot recover any damages at all. (*Id.*)

In response, Prepared Food Photos avers that its claim accrued at the time it discovered the infringement. (ECF No. 15, PageID.71-80.) Prepared Food Photos reiterates that it discovered Lakes Super Market's infringement "[t]hrough its ongoing and diligent efforts to identify unauthorized use of its photographs" in January of 2022. (*Id.*, PageID.80.) Prepared Food Photos therefore maintains that this action was filed well within the three-year statute of limitations. Furthermore, Prepared Food Photos avers that Lakes Super Market misconstrues the holding of *Petrella*. (*Id.*, PageID.81-84.)

The undersigned respectfully recommends that the Court deny Lakes Super Market's motion to dismiss. (ECF No. 13.) In the undersigned's opinion, it is not apparent from the face of the complaint that the statute of limitations set forth in § 507(b) expired prior to Prepared Food Photos filing suit. Nor is it apparent that Prepared Food Photos will be unable to recover damages related to the alleged infringement of its photograph of Colby-Jack cheese.

## II. Dismissal Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In determining whether a claim has

facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

A 12(b)(6) motion based on a statute of limitations is only appropriate where it is clear from the face of the complaint that relief is time-barred. *Krygoski Const. Co. v. Flanders Indus., Inc.*, No. 2:08-CV-202, 2009 WL 722611, at *1 (W.D. Mich. Mar. 17, 2009) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." (quoting *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003))); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("While the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

### III. Analysis

Lakes Super Market's motion to dismiss presents three distinct issues: (1) when a claim of copyright infringement accrues under the Copyright Act, (2) whether Prepared Food Photos should have discovered the alleged infringement more than three years prior to filing suit, and (3) whether the Supreme Court's decision in *Petrella* bars Prepared Food Photos from recovering damages incurred more than three years prior to filing suit. The undersigned addresses each of these issues in turn.

#### a. Time of accrual under § 507(b).

As set forth above, a civil action under the Copyright Act must be filed within three years of the date on which the claim "accrued." 17 U.S.C. § 507(b). The first issue for this Court to address is whether a claim of copyright infringement accrues at the time of the alleged infringing act (the so-called "injury rule") or at the time the copyright holder became aware, or should have become aware, of the infringing act (the so-called "discovery rule"). Lakes Super Market argues that the injury rule applies. Prepared Food Photos contends that the discovery rule applies.

This Court previously addressed this issue in *Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, No. 1:10-CV-696, 2012 WL 1830103, *1 (W.D. Mich. May 18, 2012). There, the Court noted that "the overwhelming weight of authority applies the discovery rule of accrual in copyright actions such as this." *Id.* at *2. The Court pointed specifically to *Roger Miller Music, Inc. v. Sony/ATV Publishing,* where the Sixth Circuit provided that: "A copyright infringement claim 'accrues when a plaintiff

5

knows of a potential violation or is chargeable with such knowledge.'" 477 F.3d 383, 390 (6th Cir. 2007) (quoting *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004)). The Court construed this as an endorsement, if not an outright adoption, of the discovery rule.³ *Design Basics, LLC*, 2012 WL 1830103, *1. In addition, the Court noted that other Courts of Appeals to consider the meaning of "accrued" in § 507(b) had adopted the discovery rule. *Id.* at *2 (collecting cases).

Though *Design Basics* was decided over a decade ago, little has changed with respect to the interpretation of the Copyright Act's statute of limitations. While one Sixth Circuit Judge has taken the minority approach and rejected the use of the discovery rule in copyright actions as a "bad wine of recent vintage," the Sixth Circuit continues to implement the rule. *See Everly v. Everly*, 958 F.3d 442, 460-63 (6th Cir. 2020) (Murphy, J., concurring) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)). And although the Supreme Court appeared to assume that a copyright claim accrues at the time of the infringement in *Petrella*, the Court specifically noted that it "ha[s] not passed on the question" of when a copyright claim accrues, and that nine Courts of Appeals currently employ the discovery rule. *Petrella*, 572 U.S. at 670 n.4 (citing *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3rd Cir. 2009)). As such, the undersigned has little trouble opining that it is the discovery rule, and not the injury rule, that dictates the timeliness of Prepared Food Photos's claim of

---

³   Other Courts, including, indirectly, the Supreme Court, have similarly construed the Sixth Circuit's decision in *Roger Miller Music*. *See Petrella*, 572 U.S. at 670 n.4 (citing *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3rd Cir. 2009)).

6

copyright infringement. The undersigned therefore considers Lakes Super Market's argument that Prepared Food Photos's complaint is untimely under the discovery rule.

### b. The application of the discovery rule.

In addition to arguing that Prepared Food Photos's claim is untimely under the injury rule, Lakes Super Market argues that the claim is untimely under the discovery rule. (ECF No. 13, PageID.53.) Lakes Super Market reasons that Prepared Food Photos has existed since before the photograph of Colby-Jack cheese was taken, and that it has previously discovered infringements of its copyrights on the website where it discovered Lakes Super Market's use of the photograph. (*Id.*, PageID.54-55.) Furthermore, Prepared Food Photos is an experienced litigant that has filed more than 200 federal lawsuits since 2020, and it employs full-time staff to perform reverse-image searches of its photographs. (*Id.*, PageID.54.) As such, Lakes Super Market avers that "it is not plausible that Prepared Food Photos could have only discovered the alleged use of the photo in 2022." (*Id.*, PageID.55.) For support, Lakes Super Market looks to three recent cases out of the Southern District of New York. (*Id.*, PageID.53-54 (first citing *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019); then citing *Minden Pictures, Inc. v. Complex Media, Inc.*, No. 22-CV-4069, 2023 WL 2648027 (S.D.N.Y. Mar. 27, 2023); and then citing *Michael Grecco Prods., Inc. v. RADesign, Inc.*, No. 21-CV-8381, 2023 WL 4106162 (S.D.N.Y. June 20, 2023)).)

There are a few problems with Lakes Super Market's reliance on those three cases. As an initial matter, the Southern District of New York does not appear to have actually employed the discovery rule in deciding those cases. Instead of asking whether the plaintiffs in those cases should have discovered the alleged infringements more than three years prior to filing suit, the court asked whether the plaintiffs should have discovered the alleged infringements less than three years after their occurrence. *See Buzzfeed, Inc.*, 390 F. Supp. 3d at 467; *Complex Media, Inc.*, 2023 WL 2648027, at *3; *Michael Grecco Prods., Inc.*, 2023 WL 4106162, at *2. After finding that the plaintiffs were experienced litigants who should have discovered the alleged infringements less than three years after their occurrence, the court dismissed their claims as untimely.

The court's point of reference is significant. Under the discovery rule, the statute of limitations *begins to run* at the time that the infringement is discovered or should have been discovered. As such, it is possible for a copyright holder to discover an infringing act less than three years after its occurrence, but timely file suit more than three years after its occurrence. The court did not appear to account for that possibility in these cases. Instead, it appeared to reject the application of the discovery rule to sophisticated plaintiffs altogether. *See Michael Grecco Prods., Inc.*, 2023 WL 4106162, at *2 ("[T]his case is also analogous to two recent opinions by this Court holding that the relative sophistication of the plaintiffs left them unable to rely on the discovery rule to resurrect time-barred copyright infringement claims.").

8

Furthermore, the circumstances underlying *Michael Grecco Products*, *Buzzfeed*, and *Complex Media* are distinguishable from those at hand. The plaintiff in *Michael Grecco Products* had been filing copyright actions since 2010 but alleged that it had not discovered infringements dating back to 2017 until 2021. *Id.* at *1-2. The plaintiff in *Buzzfeed* had been filing copyright actions since 2010 but alleged that it had not discovered infringements dating back to 2011 until 2017 or 2018. 390 F. Supp. 3d at 467. And *Complex Media* involved the same plaintiff, this time alleging that it had not discovered an infringement dating back to 2012 until 2022. 2023 WL 2648027, at *3. In contrast, Lakes Super Market says that Prepared Food Photos has filed numerous copyright actions since 2020 (ECF No. 13, PageID.54), and Prepared Food Photos alleges that it discovered the 2016 infringement in 2022 (ECF No. 1, PageID.4-5).

Ultimately, the undersigned is not aware of any decision by this Court, or even its sister courts, finding that the discovery rule does not apply to sophisticated plaintiffs in copyright actions. And to the extent that Prepared Food Photos's assertion that it discovered the alleged infringement in January of 2022 "[t]hrough its ongoing and diligent efforts to identify unauthorized use of its photographs" could be construed as vague or weak, Lakes Super Market's assertion that Prepared Food Photos should have discovered the infringement more than three years ago is equally weak, as well as unsupported by the record at this stage of the case. In other words, it is the undersigned's opinion that Lakes Super Market has not met its burden of proof with respect to its affirmative defense; it is not clear from the face of the

9

complaint that Prepared Food Photos's claim is time-barred. *Krygoski Const. Co.*, 2009 WL 722611, at *1; *Rauch*, 576 F.2d at 702. The undersigned therefore turns to Lakes Super Market's final argument.

### c. The Supreme Court's decision in *Petrella*.

Lakes Super Market finally avers that the Supreme Court's decision in *Petrella* bars the recovery of damages occurring more than three years prior to the date that a lawsuit for copyright infringement is filed, regardless of whether the complaint was timely. (*See* ECF No. 13, PageID.50.) As an initial matter, the undersigned notes that the Supreme Court recently granted certiorari as to this exact issue. *See Warner Chappell Music v. Sherman Nealy*, No. 22-1078, 2023 WL 6319656, at *1 (Sept. 29, 2023) (The petition for a writ of certiorari is granted limited to the following question: Whether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U. S. C. § 507(b), a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit.").

In *Petrella*, the Supreme Court was tasked with determining "whether the equitable defense of laches (unreasonable, prejudicial delay in commencing suit) may bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period." 572 U.S. at 667. The Court ultimately held that laches could not bar claims for damages brought within statute of limitations, emphasizing that Congress took account of delay in commencing suit when it created § 507(b). In its analysis, the Court appeared to assume that a claim accrues for the purposes of §

10

507(b) at the time of the alleged infringement (the injury rule). However, as set forth above, the Court specifically noted that it " ha[d] not passed on the question" of when a claim for copyright infringement accrues. *Id.* at 670 n.4; *see also SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 580 U.S. 328, 337-38 (2017) ("[I]n *Petrella*, we specifically noted that 'we have not passed on the question' whether the Copyright Act's statute of limitations is governed by [the discovery] rule.").

In arguing that Prepared Food Photos is unable to recover damages occurring more than three years prior to filing suit, Lakes Super Market relies on the Court's statements that "§ 507(b)'s limitations period . . . allows plaintiffs . . . to gain retrospective relief running only three years back from the date the complaint was filed" and that "a successful plaintiff can gain retrospective relief only three years back from the time of suit." (ECF No. 13, PageID.51 (quoting *Petrella*, 572 U.S. at 672, 677).) But in the undersigned's opinion, those statements rested on the Court's assumption that a claim for infringement accrues at the time of the alleged infringement. *See Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1333 (11th Cir. 2023) ("[T]he Court's statements in *Petrella* merely describe the operation of the injury rule on the facts of that case and others like it."); *Mitchell v. Capitol Recs., LLC*, 287 F. Supp. 3d 673, 678 (W.D. Ky. 2017) ("[W]hile Petrella uses language that suggests that no damages may be recovered for acts of infringement which occurred more than three years prior to the initiation of the suit, these statements cannot be isolated from the Court's initial statement fixing accrual at the date of occurrence."); *but see Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 762 (S.D. Ohio 2021)

11

("Although this Court largely agrees with the *Mitchell* court's observation that, as a practical matter, the effects of a limited three-year lookback result in a form of occurrence rule, the language of Petrella, including language that motivated the ultimate holding in that case, nonetheless expressly limits damages to those that arose in the three years before filing suit.") In other words, the Court's determination that § 507(b) accounts for delay in commencing suit such that laches would serve a "legislation-overriding" as opposed to "gap-filling" function, was entirely independent of the meaning of the word "accrued." *Petrella*, 572 U.S. 680.

Furthermore, implementing a three-year lookback period for relief "effectively obliterates the discovery rule." *Mitchell*, 287 F. Supp. 3d at 678*; see also Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236 (9th Cir. 2022) (Applying a separate damages bar based on a three-year "lookback period" that is "explicitly dissociated" from the Copyright Act's statute of limitations in § 507(b) would eviscerate the discovery rule. . . . This case provides a textbook example of the absurdity of such a rule."); *Nealy*, 60 F.4t at 1334 ("It would be inconsistent with *Petrella*'s preservation of the discovery rule to read *Petrella* to bar damages for claims that are timely under the discovery rule."); *but see Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020) ("*Petrella and Psihoyos*[4] counsel that we must apply the discovery rule to determine when a copyright infringement claim accrues, but a three-year

---

[4] In *Psihoyos v. John Wiley & Sons, Inc.*, the Second Circuit rejected the injury rule and continued to employ the discovery rule in accordance with "the text and structure of the Copyright Act" as well as "[p]olicy considerations." 748 F.3d 120, 124 (2d Cir. 2014).

12

lookback period from the time a suit is filed to determine the extent of the relief available."). And § 507(b) is but one sentence: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued;" nothing in the statutory language supports a reading that creates one three-year period for filing suit, and a separate three-year period for obtaining relief. *Nealy*, 60 F.4t at 1334 ("The plain text of the Copyright Act does not support the existence of a separate damages bar for an otherwise timely copyright claim.").

In sum, it the undersigned's opinion that Prepared Food Photos's copyright infringement claim accrued at the time that Prepared Food Photos discovered, or should have discovered, Lakes Super Market's alleged infringement of its photograph of Colby-Jack cheese. Furthermore, it is the undersigned's opinion that it is not clear from the face of the complaint that Lakes Super Market should have discovered the alleged infringement more than three years prior to filing suit. Finally, it is the undersigned's opinion that the Supreme Court's decision in *Petrella* did not establish a three-year lookback period for the recovery of relief; it simply established that the defense of laches cannot be used to bar claims for damages filed within the Copyright Act's statute of limitations. The undersigned therefore recommends that the Court deny Lakes Super Market's motion to dismiss.

## IV.   Recommendation

The undersigned respectfully recommends that the Court deny Lakes Super Market's motion to dismiss. (ECF No. 13.) In the undersigned's opinion, it is not apparent from the face of the complaint that the statute of limitations set forth in §

507(b) expired prior to Prepared Food Photos filing suit. Nor is it apparent that Prepared Food Photos will be unable to recover damages related to the alleged infringement of its photograph of Colby-Jack cheese.

Dated:   December 15, 2023                    /s/ *Maarten Vermaat*
                                              MAARTEN VERMAAT
                                              U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).