UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PREPARED FOOD PHOTOS, INC.,

      Plaintiff,

                                             Case No. 2:23-cv-100

v.

                                             Hon. Hala Y. Jarbou

LAKES SUPER MARKET, INC.,

      Defendant.

_____/

## **ORDER**

Plaintiff Prepared Food Photos, Inc. brought this action for copyright infringement against Defendant Lakes Super Market, Inc.  Defendant moved to dismiss the case as untimely under the statute of limitations.   On December 15, 2023, the magistrate judge issued a report and recommendation ("R&R"), recommending that the Court deny the motion.  (R&R, ECF No. 24.) Before the Court are Defendant's objections to the R&R.  (Def.'s Objs., ECF No. 25.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

*Time of Accrual of Claim.*  Defendant first objects to the magistrate judge's determination that the discovery rule, rather than the occurrence rule, governs when a copyright infringement claim accrues.  Defendant offers credible arguments for why the occurrence rule should apply, but the magistrate judge noted that the Court of Appeals for the Sixth Circuit has endorsed and continues to apply the discovery rule to copyright infringement claims, as do the majority of the

courts of appeal in other circuits.  (R&R 5-6.)  This Court will follow that precedent unless and until it changes.  Contrary to what Defendant argues, the Supreme Court's decisions in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) and *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019) do not alter that precedent.  *See Martinelli v. Hearst Newspapers, LLC*, 65 F.4th 231, 237 (5th Cir. 2023) (concluding that "*Petrella* and *Rotkiske* leave open the possibility that in a later case, the Supreme Court might decide that the discovery rule does apply to § 507(b) [of the Copyright Act]").  In short, the discovery rule applies here.  Applying that rule, the Court is not persuaded that Plaintiff's complaint is untimely on its face.

*Recovery of Damages*.  Next, Defendant objects to the magistrate judge's conclusion that Plaintiff can recover damages for conduct occurring more than three years prior to the filing of the complaint.  Defendant relies on several statements in *Petrella* suggesting that, for recovery of damages, there is a three-year lookback period from the date of filing the complaint.  However, the Court agrees with the magistrate judge that those statements in *Petrella* flow from that court's assumption in that particular case that a copyright infringement claim accrues at the time of the alleged infringement.  (R&R 11.)  That court did not apply the discovery rule.  If the alleged infringement in that case occurred more than three years prior to the filing of the complaint, application of the discovery rule might have altered the language of that opinion.  Moreover, applying the occurrence rule to such circumstances would "effectively obliterate" the discovery rule by permitting a claim but prohibiting damages for infringement occurring more than three years before the complaint.  (*Id.* at 12.)  "[N]othing in the statutory language supports a reading that creates one three-year period for filing suit, and a separate three-year period for obtaining relief."  (*Id.* at 13.)

Finally, even if Plaintiff is not entitled to damages, that would not necessarily mean the Court should dismiss the complaint.  Plaintiff seeks an injunction as well as damages.  (Compl. 7, ECF No. 1.)

In summary, Defendant's objections are not persuasive.

Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that the R&R (ECF No. 24) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 12) is **DENIED**.


Dated: January 23, 2024                          /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE